**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **NORRIS "ROYALTY" BOSTON, #S07401,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 26-cv-00723-RJD** |
| | ) | |
| **C/O PLAKE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Plaintiff Norris "Royalty" Boston, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Lawrence Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of her constitutional rights and violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. Plaintiff is a transgender woman who claims Defendant sexually assaulted her. (Doc. 1). Plaintiff seeks monetary damages and injunctive relief. *Id.*

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A,[1] which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff was sexually

---

[1] The Court has jurisdiction to screen the Complaint due to Plaintiff's consent to the full jurisdiction of a Magistrate Judge (Doc. 4), and the limited consent to the exercise of Magistrate Judge jurisdiction as set forth in the Memorandum of Understanding between this Court and the IDOC.

assaulted twice by prison officers while in Lawrence and her requests for protection were ignored (Doc. 1, p. 2). On October 30, 2025, Sgt. Fiero told Plaintiff it was time to shake down her cell. Plaintiff showed her ID card which identified her as a transgender woman and asked for a female officer if a strip search would be conducted (Doc 1, p. 3). Fiero ordered Defendant Plake (a male officer) to pat Plaintiff down. Plake stood behind Plaintiff, and while conducting the pat-down, grabbed Plaintiff's breast twice in a sexual manner (Doc. 1, p. 4).

Based on this incident, Plaintiff raises claims of sexual assault, excessive force, violation of the ADA (Americans with Disabilities Act) based on her gender dysphoria and bipolar disorder diagnosis, a *Monell* claim regarding unlawful prison policies and practices, an Illinois Hate Crimes Act claim, and a claim for intentional infliction of emotional distress (Doc. 1, pp. 4-9).

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

Count 1: Eighth Amendment claim for sexual assault/excessive force against C/O Plake for fondling Plaintiff on October 30, 2025.

Count 2: ADA and/or Rehabilitation Act claim[2] against Plake for failing to accommodate Plaintiff's gender dysphoria by refusing to have her body search conducted by a female officer.

Count 3: *Monell* claim[3] against Plake related to IDOC policies that are harmful to transgender prisoners.

Count 4: State law claim under the Illinois Hate Crimes Act against Plake for sexually assaulting Plaintiff due to her gender and sexual orientation.

Count 5: State law claim against Plake for intentional infliction of emotional distress.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be

---

[2] Although Plaintiff mentions only the ADA, the Rehabilitation Act ("RA") is available to her, particularly as a *pro se* litigant. *See Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012).

[3] Plaintiff references *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).

considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[4]

## Discussion

### Count 1

The Eighth Amendment prohibition against cruel and unusual punishment forbids unnecessary and wanton infliction of pain, and punishment grossly disproportionate to the severity of the crime. *See Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). “An unwanted touching of a person’s private parts, intended to humiliate the victim or gratify the assailant's sexual desires, can violate a prisoner’s constitutional rights whether or not the force exerted by the assailant is significant.” *Id.* at 643 (citing *Mays v. Springborn*, 575 F.3d 643, 650 (7th Cir. 2009).

Plaintiff’s factual allegations state a viable Eighth Amendment claim in Count 1 against Plake for the alleged sexual assault on October 30, 2025.

### Count 2

Plaintiff asserts she is a qualified person with a mental disability, having been designated by IDOC staff as seriously mentally ill (“SMI”) based on her diagnosed gender dysphoria and bipolar disorder (Doc. 1, p. 6). She alleges these conditions were known to IDOC staff and seeks declaratory and injunctive relief against Plake to “prevent the continued violation of her rights under the ADA.” *Id.*

At this early stage, Plaintiff’s allegations state a cognizable ADA and/or RA claim. However, individual IDOC employees cannot be sued under the ADA or the RA. *Jaros v. Illinois Dep't of Corrs*, 684 F.3d 667, 670 (7th Cir. 2012). Instead, the proper defendant is the relevant

---

[4] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead “enough facts to state a claim that is plausible on its face.”).

state department or agency. *See* 42 U.S.C. § 12131(1)(b); *Jaros*, 684 F.3d at 670, n. 2 (individual capacity claims are not available; the proper defendant is the agency or its director in his/her official capacity). As such, the IDOC will be added as a defendant with respect to Count 2, which will proceed only against the agency. Defendant Plake will be dismissed from Count 2.

**Count 3**

Plaintiff cannot maintain a *Monell* claim against Plake or the IDOC. A § 1983 policy/practice/custom claim brought pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978), may only proceed against a local government unit, not against a state agency such as the Illinois Department of Corrections, or its employees. Therefore, Count 3 will be dismissed for failure to state a claim upon which relief may be granted.

**Count 4**

The Illinois Hate Crimes Act defines a hate crime as an assault, battery, or other listed offense committed "by reason of the actual or perceived race, … gender, sexual orientation," or other enumerated characteristics. 720 ILCS 5/12-7.1(a). It also provides that, "[i]ndependent of any criminal prosecution … any person suffering injury to his or her person, … intimidation … [or] disorderly conduct … as a result of a hate crime may bring a civil action for damages, injunction or other appropriate relief. 720 ILCS 5/12-7.1(c).

Plaintiff's allegation that Plake sexually assaulted her due to her gender and sexual orientation states a plausible claim under this Act. Because this claim derives from the same facts underlying the federal claim that will proceed in Count 1, it may be brought in this case. 28 U.S.C. § 1367(a); *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008). Accordingly, Count 4 will proceed against Plake.

**Count 5**

Under Illinois law, a plaintiff claiming intentional infliction of emotional distress must plead facts suggesting the defendant intentionally or recklessly engaged in "extreme and outrageous conduct" that resulted in severe emotional distress. *Somberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1030 (7th Cir. 2006); *see Lopez v. City of Chi.*, 464 F.3d 711, 720 (7th Cir. 2006). The tort has three components: (1) the conduct involved must be truly extreme and outrageous; (2) the actor must either intend that his conduct inflict severe emotional distress, or know that there is at least a high probability that his conduct will cause severe emotional distress; and (3) the conduct must in fact cause severe emotional distress. *McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988).

Plaintiff's allegations that Plake's sexual assault caused her severe emotional distress, anguish, and humiliation satisfy this pleading standard (Doc. 1, p. 9). As with Count 4, the emotional distress claim derives from the same facts underlying the federal claim in Count 1 and therefore may be brought in this case. *See* 28 U.S.C. § 1367(a). Count 5 will also proceed against Plake.

**<u>Injunctive Relief</u>**

Because the Complaint includes a request for injunctive relief, the Warden of Lawrence Correctional Center, in his/her official capacity, will be added to the docket with regard to the request for injunctive relief. *See Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (holding warden is proper defendant for injunctive relief claim as s/he would be responsible for ensuring that any injunctive relief would be carried out).

**<u>Official Capacity Claims</u>**

Plaintiff raises claims against Defendant Plake in his individual and official capacities. However, Plaintiff's claims for monetary damages may only be pursued against a state official in

his individual capacity. *Brown v. Budz*, 904 F.3d 904, 918 (7th Cir. 2005); *Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987). Accordingly, the official capacity claims against Plake are dismissed without prejudice.

**Disposition**

The Complaint states colorable claims in Count 1 against Defendant Plake, in Count 2 against the Illinois Department of Corrections, and in Counts 4 and 5 against Plake. Count 3 is **DISMISSED** with prejudice. The Clerk of Court is **DIRECTED** to **ADD** the Illinois Department of Corrections to the docket with respect to Count 2, and to **ADD** the Warden of Lawrence Correctional Center, in his or her official capacity, to the docket for purposes of Plaintiff's claim for injunctive relief.

The Clerk shall prepare for C/O Plake, the Illinois Department of Corrections, and the Warden of Lawrence Correctional Center (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be

retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against her and the judgment includes the payment of costs under 28 U.S.C. §1915, she will be required to pay the full amount of the costs, even though her application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that she is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in her address; the Court will not independently investigate her whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED: September 3, 2026**

**REONA J. DALY**
**United States Magistrate Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve

them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.